# CHESTER *v.* FOSTER.

## (*Jackson.* June 12, 1891.)

1. WRIT OF ERROR. *Service of notice.*

   If notice of application for writ of error has not been served at the end of two years from date of decree sought to be reviewed, the defendant in error may thereafter enter his appearance when record has been filed, and have the cause dismissed for such failure to have notice served within the required time.

   Code construed: §§ 3896, 3898, 3900, 3901 (M. & V.); §§ 3177, 3178*a*, 3180, 3181 (T. & S.).

   Cases cited: Spurgin *v.* Spurgin, 3 Head, 25; Cain *v.* Cocke, 1 Lea, 288.

2. SAME. *Case in judgment.*

   Decree December 6, 1888. Record filed for writ of error and bond given June 10, 1890. Notice of application for writ of error had not been served at end of two years from date of decree. Thereafter defendant in error entered his appearance and moved to dismiss cause for want of notice. The motion was sustained.

---

## FROM LAUDERDALE.

---

Appeal from Chancery Court of Lauderdale County. H. J. LIVINGSTON, Ch.

McCORRY & BOND and GEORGE C. PORTER for Chester.

JAMES OLDHAM and THOMAS STEELE for Foster.

SNODGRASS, J. The question decisive of this cause arises on motion of defendant in error to dismiss the writ of error because not properly sued out within the two years allowed therefor, under the Code, when application is made to this Court or a member thereof, the ground of the motion being that defendant in error had no notice within the two years.

Our statute provides that a writ of error "may be moved for and obtained in the Appellate Court, or issued by the Clerk thereof in vacation, upon the transcript of the record being filed in his office, and bond given as required by law." Code (M. & V.), § 3896.

"Any person may obtain writ of error * * * by giving bond for cost * * * if application therefor be made within the time now provided by law for such writ." § 3898.

The application may be made "to the Clerk of the Supreme Court within one year after the judgment or decree (§ 3900); to the Appellate Court, or a Judge thereof, within two years after judgment or decree (§ 3901).

The defendant in error must have notice, and "if the writ is sued out after the term of the Court at which the judgment complained of was rendered, *five days' notice in writing* shall be given to the adverse party *of the intention to apply* for the writ."

The final decree sought to be reviewed in this case was pronounced December 6, 1888. The record was filed for error and bond given June 10, 1890.

No notice of intention to apply for the writ was given defendant in error before the filing of the record, or afterward within the period of two years from date of final decree.

Defendant in error, having no notice, did not appear within the two years, but after that time had elapsed comes and moves to dismiss.

Without regard to the time when the writ of error is "moved for and obtained," whether when the record is filed or afterward, notice of such intention to apply for the writ must be given to the adverse party. There is no proper application for the writ—which, in practice, never or rarely issues—until he is notified. Notice is "the process and mode by which he is brought into Court," to offer any objections he may see proper to the application or the action. 3 Head, 25.

Literally the statute requires that the notice must precede the application. It need not, necessarily, precede the filing of the record, for the record might be filed and bond given, and motion for writ of error be thereafter made; and this harmonizes the ruling in *Spurgin* v. *Spurgin*, 3 Head, 25, with the literalism of the statute, although in the case itself it was not so put, it being there said that prior to the Code, and under more stringent provisions as to notice, "a practice had

grown up silently which had been sanctioned by this Court that it was sufficient if notice had been issued  *  *  *  after the filing of the record." It is said further in that case that this was a proper practice under the Code, but that defendant in error must have notice of the pendency of the suit and a day in Court to make defense, such notice being required to bring him into Court, whether given before or after.

Had the statute been literally construed, the question we are now considering never could have arisen, the notice would have had to precede the application, and both, of course, been effected within two years.

But, granting that it was correct to hold that notice might follow the filing of the record, even though that were treated as an inchoate application, can it therefore be deferred beyond the two years and still constitute a compliance with the statute? If so, the construction that notice *may* follow the filing of the record operates to extend the time within which such application may be made to a longer period than two years.

We hold not; that while such notice *may* follow the filing of the record, it *must* in such event do so before the expiration of two years.

It requires a filing of the record, a bond for cost, grant of the writ and notice, all to perfect an application for writ of error. In whatever order these come all are required, and all within the two years, or the writ cannot properly issue under the Code.

In the case of *Cain* v. *Cocke*, 1 Lea, 288, it was held that although an application had been made to one of the Judges of this Court, and fiat for writ of error granted before the record had been filed (a practice which we have by rule discontinued), all within the two years, but the record was not filed until after two years, the writ must be dismissed. This although the "application" to a Judge had been made and granted in time.

Notice was presumably given in that case, nothing being said about it; the point determined being whether one of the things essential—the filing of the record—being omitted, the writ could or not issue.

It thus appears that it has been decided that every thing must be done within two years to perfect the writ of error which the statute requires, so far as any question on such requirement has arisen. It has been settled that record must be filed within two years, bond given and application made within two years.

For the first time the question has arisen whether the notice—the first step provided for by statute, and most important of all to defendant—shall not also be given within two years.

We think it plain that it must. Even if it were treated, as in the 3 Head case, as the "process" for bringing defendant into Court, it would by analogy be deemed the date of the commencement of proceedings therefor, for the Code provides that all civil actions at law in Courts of record,

or before Justices of the Peace, except otherwise provided, shall be *commenced* by summons. § 3518.

And respecting the statute of limitations it is provided that the suing out of a summons is the commencement of an action within the meaning of this chapter. § 3448.

But without reference to that case or this analogy, and whether the notice must be given before the application, as literally declared by the statute, or may be done afterward, as construed, it must nevertheless be given within two years, or the writ issued cannot be sustained over objection.

The writ of error must be dismissed with cost.